# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAMEION D. WYATT,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 22-CV-935-JPS

**ORDER**

On August 15, 2022, Petitioner Dameion D. Wyatt ("Wyatt") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. Wyatt also filed a motion for leave to proceed without prepayment of the filing fee. ECF No. 3. For the reasons stated herein, the Court must deny Wyatt's motion for § 2255 relief and will dismiss this action with prejudice. Wyatt's motion for leave to proceed without prepayment of the filing fee will be denied as moot.

**1.  BACKGROUND**

Wyatt's habeas petition arises from his criminal proceedings before this Court in *United States v. Dameion D. Wyatt*, 18-CR-85-JPS (E.D. Wis.).[1] On October 25, 2018, Attorney Daniel Sanders ("Sanders") filed a motion to substitute for Attorney Michael Levine ("Levine"). CR-ECF No. 29. The next day, Levine filed a motion to withdraw. CR-ECF No. 31. The Court granted Sanders's motion to substitute on October 26, 2018, and accordingly denied Levine's motion to withdraw as moot. CR-ECF Nos. 30, 32. For the remainder of his criminal case, Wyatt was represented by Sanders.

---

[1] Docket references thereto will be cited as CR-ECF.

Wyatt pled guilty to one count of conspiracy to commit interstate sex trafficking pursuant to a plea agreement filed June 7, 2019. CR-ECF No. 40; CR-ECF No. 102 at 1. Therein, the Government "promised to join him in recommending a below-guideline sentence of ten years in prison and to advise the court about his post-plea cooperation." CR-ECF No. 102 at 1. The Government did recommend a below-guidelines sentence, but it was ultimately Wyatt's attorney, not the Government, who relayed Wyatt's post-plea cooperation to the Court. *Id*. at 1–2. Wyatt made no objection thereon at that time, *id*. at 2, and the Court subsequently sentenced Wyatt to 120 months' imprisonment followed by a three-year term of supervised release. CR-ECF No. 61. Wyatt's conviction "triggered certain mandatory restitution statutes, and the district court took the restitution issue under advisement at sentencing." CR-ECF No. 103 at 1–2.

On December 2, 2019, Wyatt filed a notice of appeal through Sanders. CR-ECF No. 64. On February 14, 2020, Sanders filed a motion to withdraw as Wyatt's attorney after Wyatt filed several pro se motions. CR-ECF No. 83. The Court granted the motion to withdraw on July 22, 2020. CR-ECF No. 92. Also on July 22, 2020, the Court entered an amended judgment against Wyatt, ordering him to pay restitution to various victims ("restitution order"). CR-ECF No. 93. On July 27, 2020, Wyatt filed an additional notice of appeal (this time, specifically as to the restitution order). CR-ECF Nos. 93, 94. Wyatt also filed a motion to appeal without prepayment of the filing fee, which the Court granted. CR-ECF Nos. 99, 101. The Court of Appeals then appointed Thomas W. Patton ("Patton") as counsel for Wyatt. CR-ECF No. 100. On December 14, 2020, and on August 12, 2021, respectively, the Court of Appeals affirmed the sentencing

decision and the restitution order of the district court. CR-ECF Nos. 102, 103.

As to his first appeal, Wyatt argued that "the government's silence about his cooperation breached the plea agreement, constitutes plain error, and warrants resentencing by a different judge." CR-ECF No. 102 at 2. The Court of Appeals was not compelled and affirmed Wyatt's sentence. *Id*. The Court of Appeals wrote that "the government's silence breached the plea agreement, but under these circumstances, in which the judge accepted the parties' joint recommendation of a sentence well below the guideline range, Wyatt has not shown a reasonable probability that the breach had any effect on his sentence." *Id*.

On his second appeal, this time as to the restitution order, Wyatt argued that

> the district court improperly delayed the restitution determination, did not rely on a statutorily required 'complete accounting' of the victims' losses (and otherwise erred by relying on improper evidence and, as a result, ordered too much restitution,) deprived him of counsel during the restitution process, and improperly ordered restitution outside of his presence.

CR-ECF No. 103 at 2. The Court of Appeals found no reversible error and therefore affirmed. *Id*. Wyatt did not file a petition for certiorari in the United States Supreme Court for either case. ECF No. 1 at 2.

On August 15, 2022, Wyatt filed the § 2255 motion to vacate which is now before the Court. CR-ECF No. 104; ECF No. 1. Therein, Wyatt asserts grounds of ineffective assistance of counsel. *Id*. at 4. In response to the question: "Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?" Wyatt responded "Ineffective Assistance

of counsel, I didn't know the right floor mat [sic] to do it in. I also followed the advice of my appeal lawyer and he chose the issue's to raise for the direct appeal." *Id*. at 9. He also therein purports to have been represented on appeal and for his post-conviction proceeds by a "Daniel J. Hillis" of the Office of the Federal Public Defender, *Id*. at 10, although the attorney appointed to represent Wyatt by the Court of Appeals was Patton, and Daniel J. Hillis appears nowhere on the docket. *See* CR-ECF No. 100.

In Wyatt's brief in support of his § 2255 motion, he writes, "[i]n my direct appeal all of my arguments was [sic] denied soley [sic] on the fact my sentencing lawyer never raised the issues." ECF No. 2. Wyatt requests as relief that his "restitution be vacated" and that a "just amount be set that's fair," and that his issues be considered "with the help of a lawyer who can rise [sic] them to the courts the right way . . . ." ECF No. 1 at 11. In an attachment to his motion, he poses three issues to the Court:

> II.) When determining restitution, did the district court err by allowing the government's belated proof despite Federal Rule of Criminal Procedure 32(c)(1)(B), for going [sic] a "complete accounting" under 18 U.S.C. § 3664(a), failing to deduct amounts Victims retained, and by depriving Mr. Wyatt of minimal due process?
>
> III.) Sine [sic] Mr. Wyatt was essentially unrepresented from the time of his attorney/client conflict, did the district court err by determining restitution without affording Mr. Wyatt counsel?
>
> IV. By imposing the restitution portion of Mr. Wyatt's criminal sentence without him being physically present in the court room with the Judge, did the district court violate Federal Rule of Criminal Procedure 43(a)(3)?

ECF No. 1-2.

## 2. SCREENING

The Court must now screen Wyatt's petition pursuant to Rule 4 of the Rules Governing Section 2255 Cases. At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true a petitioner's well-pleaded factual allegations but not any legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 992 (E.D. Wis. 2000). The Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the petition.

### 2.1 Timeliness

The Court begins by addressing the timeliness of Wyatt's motion. Section 2255(f) provides a one-year period in which to file a motion. 28 U.S.C. § 2255(f). That period typically runs from the date on which the judgment of conviction becomes final. *Id.* "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The time

for filing a certiorari petition expires "90 days after entry of the judgment" of the United States Court of Appeals. Sup. Ct. R. 13.1.

Here, the Court of Appeals affirmed Wyatt's sentence on December 14, 2020,[2] and affirmed the restitution order to which he was subject on August 12, 2021.[3] Wyatt did not seek a writ of certiorari. The applicable point in time is therefore when the time for filing such a petition expired, which in this case was March 14, 2021,[4] and November 10, 2021, respectively. Although finality has attached, as necessary, to Wyatt's conviction and sentencing, the time for him to bring habeas relief on that basis has expired. Wyatt cannot seek § 2255 relief as to the sentence imposed against him, because the year-long period following the finality of his sentence (90 days after the entry of judgment of the Court of Appeals) expired on March 14, 2022.[5] However, when Wyatt filed his motion for § 2255 relief on August 15, 2022, he was still within the 1-year period following the date at which his unsuccessful appeal of the restitution order became final.

Therefore, on timeliness grounds, the Court cannot allow Wyatt to proceed in pursuit of § 2255 relief from his conviction and sentence, if he indeed sought to do so, but timeliness poses no such bar against Wyatt's motion for § 2255 relief from the restitution order.

---

[2] *See United States v. Wyatt*, 982 F.3d 1028 (7th Cir. 2020).

[3] *See United States v. Wyatt*, 9 F.4th 440 (7th Cir. 2021).

[4] This date falls on a Sunday, but regardless of if the deadline is accordingly shifted to the following Monday per Rule 6, Wyatt would still be time barred. *See* Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a . . . Sunday . . . the period continues to run until the end of the next day that is not a . . . Sunday . . . .").

[5] *See supra* note 4.

### 2.2 Procedural Default

The Court next considers whether Wyatt's claims suffer from procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that a petitioner did not raise at trial or on direct appeal are typically procedurally defaulted, and he cannot raise them. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Wyatt may raise a claim on which he otherwise procedurally defaulted if he demonstrates that there was cause for his failure to raise the claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Wyatt purports to seek § 2255 relief on the basis of ineffective assistance of counsel. Because claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion, these claims are not procedurally defaulted. *Massaro*, 538 U.S. at 504. Furthermore, the three specific issues Wyatt presented along with his motion, *see supra* Section 1; ECF No. 1-2, were posed on appeal to the Court of Appeals. They are therefore not procedurally defaulted.

### 2.3 Cognizable Claims

Having determined that Wyatt's claim does not fail on the statute of limitations or procedural default, the Court will consider whether the claim is cognizable and non-frivolous, in order to excise any plainly meritless claims. The Court must conclude that Wyatt's claim for relief from his restitution order pursuant to § 2255 is not cognizable because it does not relate to his custody. *See United States v. Wittman*, No. 08-C-180, 2008 U.S. Dist. LEXIS 38346, at *2 (E.D. Wis. Apr. 29, 2008). A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Seventh Circuit Court of Appeals has held that a challenge to an order of restitution imposed as part of a criminal sentence cannot be maintained under § 2255. *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). Even if ineffective assistance of counsel is alleged, "if the restitution order must be changed . . . that change would involve altering the terms or amount of payments and cannot be accomplished via a cause of action based upon 'the right to be released.'" *Zambonino v. U.S.*, No. 03-CV-04676, 2006 U.S. Dist. LEXIS 76241, at *3 (N.D. Ill. 2006) (quoting 28 U.S.C. § 2255). Therefore, "even when errors in restitution are raised as the basis of an ineffective assistance claim, § 2255 is not available to challenge an order of restitution." *U.S. v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998) (internal citation omitted). Accordingly, Wyatt has failed to state a cognizable claim for purposes of § 2255.

### 3. MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

Along with his § 2255 motion, Wyatt filed a motion for leave to proceed without prepayment of the filing fee. ECF No. 3. Generally, a litigant must pay

a filing fee for an action in federal court. However, for a § 2255 proceeding, a petitioner is not required to submit the filing fee because such a petition is not viewed as an independent action, but rather a "continuation of the criminal case whose judgment is under attack." *See* 28 U.S.C. § 2255, Rules Governing § 2255 Proceedings, Rule 3 Advisory Committee Notes. Accordingly, Wyatt's motion to proceed without prepayment of fees will be denied as moot.

### 4. CONCLUSION

In light of the foregoing, the Court is obligated to deny Wyatt's § 2255 motion with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Wyatt must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Because Wyatt's petition inescapably mandates denial, as explained above, the Court cannot fairly conclude that reasonable jurists would debate whether Wyatt's motion should be decided differently; as a consequence, the Court must deny a certificate of appealability to him.

Accordingly,

**IT IS ORDERED** that Petitioner Dameion D. Wyatt's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner Dameion D. Wyatt's petition be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee, ECF No. 3, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

Dated at Milwaukee, Wisconsin, this 14th day of October, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

> This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.